UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    File No. 1:07-CR-162

    HON. ROBERT HOLMES BELL

RAMONA MINISEE,

    Defendant.
    _____/

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Ramona Minisee's motion for expungement. (Dkt. No. 77.) Defendant's criminal charges were dismissed without prejudice on the government's motion. (Dkt. No. 57, Order for Dismissal.) Defendant now seeks to have all files, records, fingerprints, correspondence, and electronic records in her criminal action expunged in light of that dismissal.

Before considering the merits of Defendant's expungement motion, the Court must consider the fundamental question of whether it has power to do so. *United States v. Lucido*, Nos. 09-1410, 09-1412, --- F.3d ---, 2010 WL 2925100, at *1 (6th Cir. July 28, 2010). "As 'courts of limited jurisdiction,' federal courts 'possess only that power authorized by Constitution and statute' and may not expand that power 'by judicial decree.'" *Id.* (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

This Court's original statutory basis for exercising jurisdiction over Defendant's criminal charges, 18 U.S.C. § 3231, ended when the charges were dismissed. Defendant has not identified any statute that would authorize the Court to entertain an expungement motion based solely on the fact that her charges were dismissed. Neither does Defendant assert that the records are inaccurate. The Court is aware of no statute that would authorize the Court to entertain her expungement motion under the circumstances presented. *See Lucido*, 2010 WL 2925100, at * 2 (identifying several statutes that permit expungement motions in limited situations). This Court does not have ancillary jurisdiction to consider a motion to expunge a criminal record based solely on equitable grounds. *Id.* at *3 ("So long as the records of what happened in the proceedings . . . are accurate, it is difficult to see what business the courts have as a matter of inherent power in removing any trace of the proceedings."). Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for expungement (Dkt. No. 77) is **DENIED**.

Dated: August 23, 2010  /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE